UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN HERNANDEZ, ARLES GRANADOS LAZO, JOSE ORTEZ, YERLIN ORTEZ, MARTIR SOTO, AND SANTOS VELASQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN APPLE, INC., POMODORO NORTH END, INC., MATT MURPHY'S PUB, INC., SIOBHAN CAREW, AND JONATHAN PELL, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 1:13-cv-10394-WGY ) ) ) ) ) ) ) |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT JONATHAN PELL'S MOTION FOR SUMMARY JUDGMENT

Defendant Jonathan Pell ("Pell") hereby submits this memorandum in support of his Motion for Summary Judgment, in which he moves this Court to dismiss with prejudice all counts brought against him by Plaintiffs Edwin Hernandez ("Hernandez"), Arles Granados Lazo ("Lazo"), Jose Ortez ("J. Ortez"), Yerlin Ortez ("Y. Ortez"), Martir Soto ("Soto") and Santos Velasquez ("Velasquez") (collectively referred to herein as "Plaintiffs").

## INTRODUCTION

The Plaintiffs in this matter allege that they performed work for Golden Apple Inc. ("Brookline Pomodoro"), Pomodoro North End, Inc. ("Pomodoro North End"), and/or Matt Murphy's Pub, Inc. ("Matt Murphy's") (collectively, the "Restaurants") and that they were not paid overtime compensation in violation of Section 207(a) of the Fair Labor Standards Act ("FLSA"). See Complaint, ¶ 111. Plaintiffs Jose Ortez and Arles Granados Lazo further allege that they were terminated from their employment at one or more of these entities in violation of Section 215(a)(3) of the FLSA. Complaint, ¶¶ 115, 116. Plaintiffs individually name Siobhan

1

Carew ("Carew") and Jonathan Pell as defendants, claiming that they are both "employers" who can be personally liable within the definition of the FLSA. Complaint, ¶¶ 17, 18.

While the Defendants deny all of the allegations in this case, the merits of their defenses will be borne out by discovery. However, it is indisputable at this time that Pell, who worked solely as a part-time administrative employee for Carew, was improperly joined as an individual defendant in this case and should be dismissed. That is, as the affidavits attached hereto set forth, Pell, among other things:

(1) had no ownership interest of any type in any of the Restaurants, was not an officer of any of the Restaurants, and simply worked for Carew as an administrative employee;

(2) had no responsibility for the Restaurants' compensation practices, which had been set in place long before he started working for Carew;

(3) exercised no control over the Restaurant's day-to-day operations, including hiring, firing, or disciplining employees; and

(4) had no control over the Plaintiffs' terms or conditions of employment.

Indeed, as the attached affidavits state, Pell only worked for the Restaurants three days per week and performed his duties during the regular business day, not even at night, when the Restaurants are busy and the Restaurants' employees need to be "supervised" or "managed."

While business owners or officers may be liable under the FLSA under certain circumstances, it is a higher threshold for rank-and-file employees who have no ownership interest, such as Pell, to be properly named as defendants in such a case. That is because -- unlike an owner, officer, or business partner -- an employee such as Pell does not directly benefit from a purported violation of the FLSA, while there may be a direct benefit to individuals who share in the profit or loss of a business that violates the FLSA.

Defendants recognize that it is relatively early in this litigation for Pell to move for summary judgment, but the facts establishing that Pell has been unfairly dragged into this

2

litigation are not in dispute. Justice requires that Pell, an individual of limited means, be provided the opportunity to limit his expenses and risks caused by this lawsuit at the earliest possible opportunity by moving for summary judgment now.

Thus, Pell respectfully requests that the Court grant his motion for summary judgment and dismiss all counts against him with prejudice.

## ANALYSIS

**I.**      **Applicable Legal Standard**

"Summary judgment is appropriate where the record reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." N. Adams Reg'l Hosp. v. Mass. Nurses Ass'n, 889 F. Supp. 507, 511 (D. Mass. 1995), aff'd, 74 F.3d 346 (1st Cir. 1996) (citing FED. R. CIV. P. 56(c)). "A 'genuine' issue is one that only a finder of fact can properly resolve because it may reasonably be resolved in favor of either party and a 'material' issue is one that affects the outcome of the suit." Id. (cited cases omitted).

Critically here, summary judgment cannot be avoided based upon unsupported inferences, speculation, or conclusions. See, e.g., Goncalves v. Plymouth County Sheriff's Dept., 659 F.3d 101, 107 (1st Cir. 2011) (affirming grant of summary judgment for employer, explaining that plaintiffs' unsupported assertions should be disregarded as a court "cannot rely on overly attenuated inferences, unsupported conclusions, and rank speculation to quiet the tolling of the summary judgment bell") (quotations and citations omitted).

Given this standard, Pell brings this motion because Plaintiffs have no reasonable expectation of ever proving the essential elements of either of their claims against him, particularly given the heightened standard applicable to find an individual liable as an "employer" under the FLSA, detailed below.

## II. Pell Is Entitled To Judgment As A Matter Of Law

### A. Pell can only be deemed an "employer" within the meaning of the FLSA based upon specific facts, which are not present here.

Both of the claims Plaintiffs bring against Pell arise under the FLSA. In determining whether, in addition to the employing business entity, an individual can be held liable for violations of the FLSA, courts apply an "economics realities" analysis. See Donovan v. Agnew, 712 F.2d 1509, 1514 (1st Cir. 1983); see also Cheng v. IDEAssociates, Inc., No. 96-11718-PBS, 2000 WL 1029219, at *3 (D. Mass. July 6, 2000).

In conducting this analysis, courts generally consider "the individual's ownership interest, degree of control over the corporation's financial affairs and compensation practices, and role in caus[ing] the corporation to compensate (or not to compensate) employees in accordance with the FLSA." Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33-34 (1st Cir. 2007) (quoting Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998)); see also Cheng, 2000 WL 1029219, at *3 (applying the same "economic realities" analysis and factors in considering retaliation claims in violation of the FLSA). As detailed herein, none of these factors weigh in favor of finding Pell to be an "employer" within the meaning of the FLSA.

Further, in applying this test, courts in the First Circuit have considered whether the individual did the following:

- maintained "significant ownership interest" with "operational control of significant aspects of the corporation's day to day functions";[1]
- exercised "ultimate control over the business's day-to-day operations";[2]
- "direct[ed] employment practices, such as hiring and firing employees";[3]
- had control over "compensat[ing] . . . employees";[4]

---

[1] Donovan, 712 F.2d at 1514.
[2] Chao, 493 F.3d at 34; see also Cheng, 2000 WL 1029219 at *3; Donovan, 712 F.2d at 1514.
[3] Chao, 493 F.3d at 34; see also Cheng, 2000 WL 1029219 at *3.

4

- "set[] employees' wages";[5]
- made decisions about "how [employees were] to record their time";[6]
- set employees' schedules;[7]
- "requir[ed] employees to attend meetings unpaid";[8] and
- "personally made decisions to continue operations despite financial adversity during the period of nonpayment."[9]

Thus, in order for Plaintiffs' claims to survive against Pell, there must be evidence that Pell had the requisite level of control over the day-to-day operations of the Restaurants and direct involvement in relevant compensation-related decisions. See Cavallaro v. UMass Mem'l Health Care, Inc., No. 09-40152-FDS, 2013 WL 360405, at *9 n.4 (D. Mass. Jan. 28, 2013); see also Cheng, 2000 WL 1029219, at *3. Here, not only is there no such evidence, but the attached affidavits submitted by both Pell and Carew, the owner of the Restaurants, leave no doubt that Pell is improperly named as an individual defendant.

As the "Business Manager," Pell was, and still is, responsible for overseeing receipt of the revenue collected by the Restaurants, assigning the revenue to appropriate accounts, and overseeing the payment of invoices. See Statement of Material Facts ("SOMF"), filed concurrently herewith, at ¶ 6. Pell does not hold any ownership interest in the Restaurants, has never been an officer of any of the Restaurants, has never had control over the Restaurants' day-to-day operations or employment practices, and has never even been responsible for hiring, firing or disciplining employees. See SOMF, ¶¶ 3, 8-10. Similarly, Pell was never involved in any Restaurant activities involving the compensation of employees, creating compensation policies,

---

[4] Donovan, 712 F.2d at 1514; see also Donovan v. M.A.P. Insulation Co., Inc., No. 82-840, 1984 WL 3167, at *4 (D. Mass. Apr. 11, 1984).
[5] Chao, 493 F.3d at 34.
[6] Donovan, 1984 WL 3167 at *3-4.
[7] Chao, 493 F.3d at 34; see also Donovan, 1984 WL 3167, at *3-4.
[8] Chao, 493 F.3d at 34.
[9] Donovan, 712 F.2d at 1514.

or setting pay.  See SOMF, ¶¶ 11-14, 17.  Pell has also never been responsible for supervising the Restaurants' employees, as he was a part-time employee who worked on Monday, Wednesday, and Friday during the day (during part of which time the employees were not even present because the Restaurants were closed).  See SOMF, ¶ 5.  In this regard, Pell only worked part-time for Carew because he is engaged in other business ventures unrelated to the Restaurants as well.  See Id.; see also SOMF, ¶ 4.

Thus, Pell did not engage in any of the activities the courts consider in applying the "economic realities" test detailed supra.  Nor was Pell involved in the end of employment of the two Plaintiffs who bring retaliation claims in this litigation, Jose Ortez or Arles Granados Lazo.  See SOMF, ¶ 18.  As a result, there is no way that Plaintiffs can avoid summary judgment as to the claims against Pell.

While Pell did (and still does) have authority over revenue collection, allocation of such revenues to the proper accounts, and the payment of invoices, these activities are insufficient to subject him to personal liability for alleged FLSA violations.  The test for personal liability is not simply the exercise of control over any aspects of the business -- such an expansive application would be "untenable."  Baystate Alternative Staffing, 163 F.3d at 679.  Moreover, the performance of administrative tasks such as providing paychecks to employees, where such employees' method of pay had already been determined by another person, is insufficient to subject an individual to personal liability.  See SOMF, ¶¶ 18-19.

Instead, as the First Circuit has detailed, there must be some indication that Pell "'caus[ed] the corporation to violate the FLSA," Chao, 493 F.3d at 34, which of course is not the case here.  Therefore, because there is no genuine issue of material fact as to whether Pell could be held liable under the FLSA, Pell is entitled to judgment as a matter of law.

6

2459176.1

### B. The affidavits submitted by Pell and Carew are determinative of the fact that Pell is not an "employer" under the FLSA, and Plaintiffs could, at most, only speculate otherwise, which is insufficient to avoid summary judgment.

Because Plaintiffs are unaware of the level of responsibility held by Pell, and have no personal knowledge of Pell's involvement in decisions regarding the Restaurants' method of compensation of their employees or any other employment practices, they would have no knowledge as to whether Pell could fall within the definition of an "employer" under the economic realities test.

In reality, Pell had little interaction with the Plaintiffs, and rarely saw or communicated with them, as he only worked three days per week during the daytime, before the Restaurants became busy at night. See SOMF, ¶ 5. It is also indisputable that Pell's authority to perform any task for the Restaurants was defined by Carew, and that neither Pell nor Carew shared those discussions with the kitchen workers who are Plaintiffs in this case, as is detailed in the affidavits submitted herewith. See SOMF, ¶ 20.

Thus, if they in fact choose to oppose this motion, Plaintiffs could only do so based upon their "rank speculation," which the First Circuit has made clear is insufficient to avoid summary judgment. See, e.g., Goncalves v. Plymouth County Sheriff's Dept., 659 F.3d 101, 107 (1st Cir. 2011) (a court "cannot rely on overly attenuated inferences, unsupported conclusions, and rank speculation to quiet the tolling of the summary judgment bell").

### CONCLUSION

Based on the authorities and analysis herein, Defendant Jonathan Pell respectfully requests that the Court grant his motion for summary judgment and dismiss all claims against him with prejudice.

Respectfully submitted,

/s/ Christopher M. Pardo
Ellen C. Kearns, Esq.
 BBO # 263100
 *ekearns@constangy.com*
Christopher M. Pardo, Esq.
 BBO # 674674
 *cpardo@constangy.com*
Constangy, Brooks & Smith, LLP
535 Boylston Street, Suite 902
Boston, MA 02116
Telephone:   617.849.7880
Facsimile:   617.849.7870

Dated:  September 10, 2013.

## **CERTIFICATE OF SERVICE**

I, Christopher M. Pardo, hereby certify that, on this 10th day of September, 2013, this document was filed through the CM/ECF system and will be sent electronically to the following registered participants as identified on the Notice of Electronic Filing:

Michaela C. May, Esq.
P.O. Box 441944
Somerville, MA 02144-1944

/s/ Christopher M. Pardo
Christopher M. Pardo