UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN HERNANDEZ, ARLES GRANADOS LAZO, JOSE ORTEZ, YERLIN ORTEZ, MARTIR SORTO, AND SANTOS VELASQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN APPLE, INC., POMODORO NORTH END, INC., MATT MURPHY'S PUB, INC., SIOBHAN CAREW, AND JONATHAN PELL, <br><br> Defendants. | Civil Action No. 1:13-cv-10394-WGY |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' INITIAL DISCLOSURES

This Court ordered the parties to serve initial disclosures by no later than October 18, 2013. Although the parties agreed on a seven-day extension of that deadline, to October 25, 2013, Defendants still have not served initial disclosures and have indicated that they are unwilling to commit to a deadline for doing so. The Defendants' refusal to timely serve their initial disclosures obstructs the Plaintiffs' efforts to recover long-overdue compensation for work they performed years ago. Accordingly, the Plaintiffs bring this motion to compel the Defendants to serve initial disclosures that comply fully with the requirements of Fed. R. Civ. P. 26(a)(1) within seven (7) days. In support thereof, Plaintiffs state as follows:

1. Plaintiffs are six immigrant workers who were denied wages due to them since as far back as the 1990s. Second Amended Complaint ("Compl."), at ¶ 1.

1

2. Defendants Golden Apple, Inc., d/b/a Brookline Pomodoro ("Brookline Pomodoro"), North End Pomodoro, Inc. ("North End Pomodoro"), Matt Murphy's Pub, Inc. ("Matt Murphy's"), Siobhan Carew ("Carew"), and Jonathan Pell ("Pell") (collectively "Defendants") required Plaintiffs to work long hours — as much as 78 per week — in three restaurants without overtime compensation in violation of the FLSA, 29 U.S.C. § 207(a). Compl. at ¶¶ 1, 12-14, 16, 18-23, 38.

3. Not only did Defendants fail to pay overtime compensation; they ultimately terminated two of the Plaintiffs, José Ortez ("J. Ortez") and Arles Granados Lazo, for complaining of Defendants' illegal wage practices, in further disregard of the FLSA, 29 U.S.C. § 215(a)(3). Compl. at ¶¶ 114-16.

4. The Department of Labor, at J. Ortez's behest, initiated an investigation of Defendants' wage practices, *see id.* at ¶¶ 45-46, and thereafter settled on behalf of approximately a dozen current employees working at Brookline Pomodoro, North End Pomodoro and Matt Murphy's Pub. *See* Exhibit "A."

5. Plaintiffs brought the instant action more than eight months ago, on **February 26, 2013**.

6. On **July 5, 2013**, Defendants filed their Answer.

7. Also on **July 5, 2013**, Defendants Carew and Golden Apple (collectively "Counterclaim-Plaintiffs") filed counterclaims against J. Ortez stemming from vaguely articulated theories, all of which sound in fraud, about whether some unspecified portion of the compensation that he did receive was earned. *See* J. Ortez's Motion to Dismiss for Failure to State a Claim (filed Aug. 5, 2013) (pending).

8. This Court held a scheduling conference on **September 11, 2013**.

9. By order of this Court, the parties' initial disclosures were due by **October 18, 2013**.

10. On the eve thereof, Defendants recommended extending the deadline to file initial disclosures. *See* Exhibit "B," Affidavit of Counsel ("Aff."), at ¶ 3.

11. Plaintiffs agreed a seven-day extension, to **October 25, 2013**, by which date Plaintiffs did serve their initial disclosures. Aff. at ¶¶ 3, 7; Exhibit "C," E-mail from Defendant's Counsel (dated October 17, 2013).

12. Despite their representations and this Court's orders, Defendants have not served their initial disclosures and have indicated through their then-counsel that they would not do so for an indefinite period. Aff. at ¶¶ 6, 8.

13. Defendants' initial disclosures are crucial both to the efficient and timely prosecution of the Plaintiffs' FLSA claims and to J. Ortez's defense of the very-serious, fraud-based counterclaims that Defendants Carew and Brookline Pomodoro brought in response thereto. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

14. Indeed, Plaintiffs expect initial disclosures to show, *inter alia*, that Defendants failed to keep the time and pay records required by law, which is evidence of a willful violation of the FLSA, *see Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 35 (1st Cir. 2007) (upholding finding of willfulness where, among other things, defendants "intentionally and consistently failed to keep accurate records of the time worked by its employees"), and to reveal what, if any, documentary or testimonial evidence supports the vaguely articulated counterclaims against J. Ortez that have lingered for months with no explanation of their basis or the damages allegedly stemming therefrom.

WHEREFORE the Plaintiffs move this Honorable Court to compel the Defendants to serve initial disclosures compliant with Fed. R. Civ. P. 26(a)(1), including those stemming from their counterclaims against J. Ortez, within seven (7) days.

                RESPECTFULLY SUBMITTED,
                EDWIN HERNANDEZ, ARLES GRANADOS
                LAZO, JOSE ORTEZ, YERLIN ORTEZ,
                MARTIR SORTO AND SANTOS VELASQUEZ,
                By Their Attorney,

                /s/ Michaela C. May
                Michaela C. May, Esq. (BBO #676834)
                P.O. Box 441944
                Somerville, MA 02144-1944
                P: (617) 863-6529
                F: (617) 977-8774
                E: attorneymay@gmail.com

Date: October 29, 2013

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)(1) AND L.R. 7.1(a)(2)

I, Michaela C. May, hereby certify I conferred in good faith with then-counsel for the defendants prior to the filing of this motion and was unable to narrow the issues raised herein.

                /s/ Michaela C. May
                Michaela C. May

## CERTIFICATE OF SERVICE

I, Michaela C. May, hereby certify that on this 29th day of October 2013, I sent a true copy of the above document by pre-paid first-class mail to the following individuals:

    Siobhan Carew
    31 White Place
    Brookline, MA 02445

Jonathan Pell
50 Black Cat Road
Plymouth, MA 02360

                                                              /s/ Michaela C. May
                                                              Michaela C. May