## STATUTE OF LIMITATIONS TOLLING AGREEMENT

The Secretary of Labor, U.S. Department of Labor, ("the Secretary") has conducted an investigation of Golden Apple, Inc. d/b/a Pomodoro, Matt Murphy's Pub, Inc. d/b/a Matt Murphy's Pub, North End Pomodoro of Boston, Inc. d/b/a Pomodoro, Siobhan Carew, an individual, and Jonathan Pell, an individual (hereafter collectively "Employer(s)") pursuant to the Fair Labor Standards Act of 1398, as amended, 29 U.S.C. 201, et seq. ("FLSA" or "the Act"), beginning on February 15, 2010. The Secretary and the Employer(s) want the opportunity to discuss this matter further, to attempt to reach a settlement, to attempt to resolve outstanding disputes, and to further investigate where appropriate. Accordingly, the Secretary and the Employer(s), in consideration of the promises and statements made herein, understand and agree as follows:

1. The Secretary and/or affected employees of the Employer(s) may ultimately bring legal proceedings under the Act as a result of the Secretary's findings from this investigation; however, the statute of limitations set forth at Section 6 of the Portal-to-Portal Act, 29 U.S.C. 255, and/or other applicable statutes of limitations, may bar the assertion of certain rights under the Act in legal proceedings brought by the Secretary or by affected employees of the Employer(s).

2. In exchange for the Secretary's agreement to withhold immediate filing of legal proceedings under the Act and to allow time for the Secretary and the Employer(s) to discuss and to attempt to resolve this matter, the Employer(s) agrees to toll the running of the statute of limitations as follows.

3. The Secretary and the Employer agree that the statute of limitations will be tolled beginning on February 12, 2012 ("Tolling Date"). Any legal or equitable proceedings that may

1

be brought against the Employer(s) as a result of the Secretary's findings from this investigation or by affected employees will be deemed to have been filed on the Tolling Date.

4. In exchange for the Employer(s)' agreement to toll the running of the applicable statutes of limitations as set forth above, the Secretary agrees not to institute any legal proceedings for back wages and/or liquidated damages against the Employer(s) during the tolling period, as a result of findings made in this investigation, without first giving the Employer(s) 30 days written notice of the Secretary's intent to institute such proceedings.

5. The Employer(s) agrees that this Tolling Agreement ("Agreement") (or any copy thereof) may be introduced into evidence as proof of the waiver and tolling agreed to herein, in all legal proceedings that may be brought pursuant to Sections 15, 16(b), 16(c), 16(e) and/or 17 of the Act.

6. The undersigned representatives of the Secretary and of the Employer(s) certify that they are authorized to enter into the terms and conditions of this Agreement, and to bind the party whom they represent in this Agreement.

7. This Agreement does not constitute any admission of liability on the part of the Employer(s), nor does it constitute any waiver of other defenses that may be available to the Employer(s), other than statute of limitations defenses specifically addressed in this Agreement.

8. Nothing in this Agreement shall preclude the Secretary from asserting any claim or filing any documents in any bankruptcy case relating to the Employer, or from taking such legal action relating to the Employer or any other party as she deems appropriate, except to the extent that she agrees to refrain from instituting legal proceedings for back wages and/or

liquidated damages against the Employer as a result of findings made in this investigation, in accordance with paragraph 5 above.

9. This document contains the entire agreement between the Secretary and the Employer(s), and this Agreement may not be modified, altered, or extended except in writing signed by the parties.

10. This Agreement shall be effective when it has been signed by both parties.

Dated: 5/16/2012

For the Employer(s):

_Stephen Sachetta_
Name STEPHEN SACHETTA, ATTORNEY IN FACT
Siobhan Carew/President

_[signature]_
Name
Jonathan Pell/General Manager

_Stephen Sachetta_
Name STEPHEN SACHETTA ATTORNEY IN FACT
Golden Apple, Inc

_Stephen Sachetta_
Name STEPHEN SACHETTA ATTORNEY IN FACT
Matt Murphy's Pub, Inc

_Stephen Sachetta_
Name STEPHEN SACHETTA ATTORNEY IN FACT.
North End Pomodoro of Boston, Inc

Dated: 5/16/2012

For The Secretary:

_George A. Rioux_
Name
George A. Rioux/District Director

3