UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN HERNANDEZ, <br> ARLES GRANADOS LAZO, <br> JOSE ORTEZ, YERLIN ORTEZ, <br> MARTIR SORTO, AND <br> SANTOS VELASQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN APPLE, INC., POMODORO <br> NORTH END, INC., MATT MURPHY'S <br> PUB, INC., AND SIOBHAN CAREW <br><br> Defendants. | Civil Action No. 1:13-cv-10394-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), the Plaintiffs move to amend their complaint to allege that Defendants Siobhan Carew ("Carew") and Golden Apple, Inc., d/b/a Brookline Pomodoro ("Golden Apple") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), by filing factually and legally baseless counterclaims against Plaintiff José Ortez ("Ortez") in retaliation for reporting their illegal compensation practices to the Department of Labor ("DOL") and for bringing the instant FLSA suit against Defendants and to make various changes reflecting the dismissal of claims against former Defendant Jonathan Pell ("Pell").

**I. BACKGROUND**

Plaintiffs are six immigrant workers who were denied wages due to them since as far back as the 1990s. Exhibit "A," Plaintiffs' Third Amended Complaint ("Compl."), at ¶ 1. Defendants Golden Apple, North End Pomodoro, Inc., Matt Murphy's Pub, Inc., and Carew

1

(collectively "Defendants") required Plaintiffs to work long hours — as much as 78 per week — in three restaurants without overtime compensation in violation of the FLSA, 29 U.S.C. § 207(a). *See* Compl. at ¶¶ 1, 25, 31, 36, 51, 58, 61.

Not only did Defendants fail to pay overtime compensation; they ultimately terminated two of the Plaintiffs, including Ortez, for complaining of Defendants' illegal wage practices, in further disregard of the FLSA, 29 U.S.C. § 215(a)(3). *See* Compl. at ¶¶ 107-08. The DOL, at Ortez's behest, initiated an investigation of Defendants' wage practices, *see id.* at ¶¶ 42-48, and thereafter settled on behalf of approximately a dozen current employees of Golden Apple, North End Pomodoro and Matt Murphy's Pub. The Plaintiffs brought the instant action to recover unpaid overtime compensation and for wrongful terminations, both in violation of the FLSA.

In response, Counterclaim-Plaintiffs filed four counterclaims against Ortez, alleging various theories of liability arising from his alleged receipt of an unquantified amount of compensation for work on various, unspecified Sundays that they claim he did not work. *See generally* Counterclaims (hereinafter "CC"). Ortez moved to dismiss all counterclaims. *See* Docket No. 27. This Court dismissed the counterclaim for breach of fiduciary duty, holding that Counterclaim-Plaintiffs alleged insufficient facts to render Ortez a "fiduciary." *See* Docket No. 84. This Court held in abeyance its consideration of the remainder of Ortez's motion, pending Counterclaim-Plaintiffs' amendment of them within 10 days. *See id.* Ortez now moves this Court for leave to amend his complaint to add a second claim of FLSA retaliation, stemming from Counterclaim-Plaintiffs' meritless Counterclaims against him and to make certain alterations to remove now-immaterial references to the former defendant, Pell.

2

## II. LEGAL ARUGMENT

**A. Here, where the amended complaint would not cause Defendants unfair prejudice, the liberal standard for amending a complaint supports granting the Plaintiff's motion.**

Leave to amend should be "freely given" when justice so requires. Fed. R. Civ. P. 15(a). This standard is a liberal one. *Travelers Property Casualty Co. of Am. v. Noveon, Inc.*, 248 F.R.D. 87, 91 (D.Mass. 2007). Amendments should be permitted except when they "would cause undue delay or unfair prejudice to the opposing party" or would be futile. *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009); *Traveler' Property Casualty Co. of Am.*, 248 F.R.D. at 91. Portions of the proposed amended complaint merely remove references to Pell, who is no longer a defendant in this case. *See generally* Compl. *See also* Docket No. 80 (stipulating to the dismissal of this case as to Defendant Jonathan Pell). Other portions relate to Ortez's amendment stemming from the retaliatory Counterclaims. *See* Part II.B, *infra*.

Defendants have not served written discovery, and Counterclaim-Plaintiffs have not even served their initial disclosures. Moreover, the factual issues underpinning the proposed retaliation claim are largely the same as those the Counterclaim-Plaintiffs made relevant by bringing the counterclaims in the first place, and therefore this retaliation claim should require little additional discovery. Particularly here, where the deadline to move to amend has not yet passed, Defendants cannot suffer unfair prejudice from the amendment.

**B. In bringing factually and legally baseless counterclaims against Ortez, Counterclaim-Plaintiffs retaliated against him in violation of the FLSA, 29 U.S.C. § 215(a)(3).**

It is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3).

3

"Retaliatory acts come in infinite variety . . . and even actions taken in the course of litigation could constitute retaliation in appropriate circumstances." *Steffes v. Stepan Co.*, 144 F.3d 1070, 1075 (7th Cir. 1998) (internal citations omitted). An employer's action may be unlawful retaliation when "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006) (applying Title VII) (citations and internal quotation marks omitted). Indeed, "[a] lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation." *Bill Johnson's Restaurants, Inc. v. Nat'l Labor Relations Bd.*, 461 U.S. 731, 740 (1983).

Thus, a compulsory counterclaim against an FLSA plaintiff may be illegal retaliation, at least where the counterclaim is "baseless on factual or legal grounds." *Orr v. James D. Julia, Inc.*, No. 07-51-B-W, 2008 WL 2605569, *16 (D.Me. June 27, 2008).[1] The First Amendment is not a license for sham litigation. *Bill Johnson's Restaurants, Inc*, 461 U.S. at 742. In bringing factually and legally baseless counterclaims, and in continuing to pursue them, Counterclaim-Plaintiffs have further violated the FLSA.

Ortez's claim that Carew and Golden Apple filed retaliatory counterclaims in violation of the FLSA must be supported by pleaded facts sufficient to support a showing that: (1) he was engaged in a protected activity, here, the instant action under the FLSA and Ortez's report to the Department of Labor, *see* Compl. at ¶ 42; (2) the Counterclaim-Plaintiffs were aware of Ortez's

---

[1] Neither the Supreme Court nor the First Circuit has not explicitly adopted the "baseless" standard as to the FLSA, and Ortez reserves the right to argue for a more-expansive standard hereafter, if appropriate. *See generally Ambs v. Sir Home Improvement*, No. No. 1:11–cv–332, 2012 WL 1909355 (W.D. Mich. May 25, 2012) ("There appears to yet be no settled law on the test for deciding whether Plaintiff's retaliatory counterclaim count is legally and factually viable.") (applying a similar provision of the Family Medical Leave Act, 29 U.S.C. § 2615(b)).

4

participation in the protected activity, *see id.* at ¶ 110; (3) the Defendant took "adverse employment action,"[2] which includes a lawsuit that caused him reputation, intimidation, legal costs and delay, *see id.* at ¶ 129; and (4) a causal connection existed between the protected activity and the adverse action, *see id.* at ¶¶ 113-21. *Fei v. WestLB AG*, No. 07CV8785, 2008 WL 594768, *2-3 (S.D.N.Y. Mar. 5, 2008). *See Blackie v. State of Me.*, 75 F.3d 716, 722 (1st Cir. 1996) (laying out a *prima facie* case for FLSA retaliation, generally).

The bases of all four Counterclaims are the allegations that Ortez reported working various unspecified Sundays that he did not and that, as a result, that Counterclaim-Plaintiffs' paid him additional wages to which he was not entitled. *See* CC at ¶¶ 10. To the contrary, at no time did Ortez report working Sundays that he did not. Compl. at ¶ 113. If the factual allegations underlying the Counterclaims are proven baseless, the Counterclaims will have been shown to be baseless as well.

Additionally, the Counterclaims allege that Ortez — a so-called "kitchen manager" — was a fiduciary. Underpinning that claim, are the allegations that Ortez tracked employees' additional hours and distributed pay. CC at ¶¶ 8. However, as addressed in Ortez's earlier motion to dismiss, those allegations are insufficient as a matter of law to render Ortez a fiduciary; the label simply does not extend to "rank-and-file" employees. *TalentBurst, Inc. v. Collabera, Inc.*, 567 F. Supp. 2d 261, 265 (D.Mass. 2008). *See Inner-Tite Corp. v. Brozowski*, No. 20100156, 2010 WL 3038330 (Mass. Super. Ct. Apr. 14, 2010) (holding that defendant-employee was a

---

[2] The term "adverse employment action" is misleading. It may include both post-employment retaliation, *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (applying Title VII), and retaliatory actions that are not employment-related. *Burlington N.*, 548 U.S. at 67 ("The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm.") (applying Title VII).

fiduciary where he "was one of only six regional sales managers" nationwide; where "[f]ew employees ranked higher . . . in the corporate structure; and where defendant "worked independently, was entrusted with sensitive and confidential information, and as the public face of" plaintiff in the region). Count III of the Counterclaims is thus legally baseless. *See Orr*, 2008 WL 2605569 at *6.

Additionally, Carew and Golden Apple failed to keep the time and compensation records that the law requires.[3] Compl. at ¶¶ 122-23, 125. In proving Ortez's compensation and hours, "[t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work . . . ." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). He must "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687-88. This burden is "minimal." *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991). Once it is met, the employer must "rebut the employee's claims with *viable evidence*, such as accurate payroll reports, that demonstrate 'the precise amount of work performed.'" *Porcal v. Ciuffo*, No. 10-CV-40016-TSH, 2013 WL 3989668, *4 (D.Mass. Aug. 1, 2013) (emphasis added) (quoting *Anderson*, 328 U.S. at 687-88). Here, where Defendants have kept neither time records nor accurate compensation records, *see* Compl. at ¶¶ 120-21, 123, they can have no "viable evidence" to support their claim about the Sundays that Ortez worked (or did not work) or about the compensation that he received. *See Porcal*, 2013 WL 3989668, at *4. Thus, their Counterclaims will not, and cannot, have evidentiary support even after thorough discovery. They are legally baseless. *See Orr*, 2008 WL 2605569 at *6.

---

[3] *See, e.g.,* 29 U.S.C. § 211(c); 29 Code Fed. Regs. § 516; 430 Code Mass. Regs. § 5.01(1)(c); Mass. Gen. Laws ch. 151, § 15.

6

Finally, the allegations in the amended complaint are also sufficient to suggest a causal connection between Ortez's protected conduct and the filing of the Counterclaims. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Despite essentially claiming that he stole from them, the Counterclaim-Plaintiffs did not terminate Ortez's employment for doing so. *See* Compl. at ¶ 118. Instead, they did nothing whatsoever until the Plaintiffs filed suit. *See id.* If the jury finds that the Counterclaims are factually or legally baseless, then the closeness in time between the initiation of this suit the filing the counterclaims, may lead the jury to find that Counterclaim-Plaintiffs twisted the truth to lash out at Ortez for filing this action. *See Fei v. WestLB AG*, No. 07CV8785, 2008 WL 594768, *3 (S.D.N.Y. Mar. 5, 2008). That would be illegal retaliation, and is actionable under 29 U.S.C. § 215(a)(3). *See id.*

### III. CONCLUSION

In sum, the Counterclaim-Plaintiffs violated, and continue to violate, the FLSA, 29 U.S.C. § 215(a)(3), by filing and pursuing factually and legally baseless Counterclaims against Ortez. Justice requires permitting Ortez to amend accordingly, and permitting the Plaintiffs to amend their complaint to remove now-immaterial references to the dismissed defendant, Pell. As the amended complaint will not cause Defendants unfair prejudice, this Court should grant the Plaintiffs leave to file.

WHEREFORE Plaintiffs respectfully request that the Court grant their motion to amend their complaint.

Respectfully Submitted,
EDWIN HERNANDEZ, ARLES GRANADOS LAZO, JOSE ORTEZ, YERLIN ORTEZ, MARTIR SORTO AND SANTOS VELASQUEZ
By Their Attorney,


/s/ Michaela C. May
Michaela C. May, Esq. (BBO #676834)
P.O. Box 441944.
Somerville, MA 02144-1944
P: (617) 863-6529
F: (617) 977-8774
E: attorneymay@gmail.com


Dated: January 27, 2014


**CERTIFICATE OF CONSULTATION**

I, Michaela C. May, hereby certify that I conferred with Defendants' counsel of record in advance of filing this motion in a good-faith attempt to resolve this issue, but that we were unable to reach an agreement that would forego the necessity of filing this motion.


/s/ Michaela C. May
Michaela C. May, Esq.


**CERTIFICATE OF SERVICE**

I, Michaela C. May, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.


/s/ Michaela C. May
Michaela C. May, Esq.