UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN HERNANDEZ, ARLES GRANADOS LAZO, JOSE ORTEZ, YERLIN ORTEZ, MARTIR SORTO, AND SANTOS VELASQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN APPLE, INC., POMODORO NORTH END, INC., MATT MURPHY'S PUB, INC., AND SIOBHAN CAREW, <br><br> Defendants. | Civil Action No. 1:13-cv-10394-WGY |

## **MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**

There are some cases where repeated motions to compel are the only means of gaining a party's participation in litigation. Unfortunately, this is one of those cases. Plaintiffs have brought three motions to compel initial disclosures. Now, Plaintiffs bring this fourth motion to compel — again to garner basic discovery. Despite receiving an extension to do so, Defendants not answered a single interrogatory nor provided a single document. Accordingly, Plaintiffs bring this renewed[1] motion to compel Defendants' responses to their written discovery, supported by documentation of the discovery sought.

---

[1] On April 16, 2014, the Court denied Plaintiffs motion to compel interrogatories and requests for production of documents without prejudice to its renewal supported by the interrogatories and requests sought to be enforced. Accordingly, Plaintiffs have filed this renewed motion with supporting documentation. Plaintiffs' interrogatories are attached hereto as Exhibit "D," and requests for production of documents are attached hereto as Exhibit "E."

# ARGUMENT

I. **This Court should order Defendants to answer Plaintiffs' interrogatories and Requests for Production of Documents within seven (7) days.**

This is a one-year-old Fair Labor Standards Act, 29 U.S.C. § 201, *et seq* ("FLSA") action arising from (1) Defendants' failure to pay the six Plaintiffs overtime compensation; (2) the retaliatory terminations of two of the Plaintiffs; and (3) the retaliatory filing and pursuit of baseless counterclaims by Defendants Siobhan Carew ("Carew") and Golden Apple, Inc., d/b/a Brookline Pomodoro, against Plaintiff José Ortez.

On **January 25, 2014**, Plaintiffs served interrogatories and requests for production of documents on all Defendants, through counsel. *See* Ex. "A," Correspondence of Counsel (Dated January 25, 2014); Ex. "B," Affidavit of Counsel ("May Aff."), at ¶ 2; Ex. "D," Interrogatories ("Interrogatories"); Ex. "E," Requests for Production of Documents ("Requests"). The interrogatories and requests for production of documents are reasonably calculated to lead to the discovery of admissible evidence, including but not limited to evidence of (a) the dates and times that Plaintiffs worked;[2] (b) Plaintiffs' compensation;[3] (c) Defendants' policies and practices regarding time, compensation and records thereof, which is relevant to willfulness;[4] (d) other facts underlying Defendants' willfulness in violating the FLSA, which is relevant to damages;[5] (e) The applicability of the FLSA as to Defendants;[6] (f) facts underlying the purported exemption

---

[2]   *See* Interrogatories No. 2, 4, 7; Requests No. 5, 7, 10, 11, 15, 17, 21, 22, 50.
[3]   *See* Interrogatories No. 3, 5; Requests No. 6, 8, 9, 14, 18, 19, 21, 22, 50.
[4]   *See* Interrogatories No. 4, 7, 12, 13; Requests No. 21, 22, 28, 50.
[5]   *See* Interrogatories No. 10, 11, 14; Requests No. 16, 20, 21-27, 31-33, 36, 44, 46, 47. Some requests reference Angel Santos, who brought an overtime compensation claim under very similar facts in 2009, thus putting Defendants on notice that their wage practices violated the FLSA. *See* Plaintiff's Third Amended Complaint, ¶¶ 87-101, 104.
[6]   *See* Interrogatory No. 8; Requests No. 12, 13, 21, 45.

of Plaintiff José Ortez from the FLSA's overtime requirements,[7] (g) the retaliatory terminations of Plaintiffs José Ortez and Arles Granados Lazo,[8] (h) the identities and contact information of potential witnesses,[9] and (i) Defendants' affirmative defenses.[10]

Defendants were required to respond by **February 27, 2014**, but failed to do so without explanation. *Id.* at ¶ 3. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2). Thereafter, Defendants' attorney requested an extension until **March 7, 2014**, which Plaintiff granted. May Aff. at ¶ 4. Unfortunately, and again without explanation or acknowledgment, Defendants failed to meet that deadline. *Id.* at ¶ 5. As of today, Defendants have failed to respond to Plaintiffs' interrogatories and requests for production of documents in any form.

The Plaintiffs' written discovery is integral to the timely and efficient prosecution of this case. Carew's deposition is scheduled for **April 18, 2014**.[11] Ex. "F," Correspondence of Counsel and Deposition Notice. Thus, Defendants' refusal to respond to written discovery is, among other things, frustrating Plaintiffs' ability to depose Carew effectively. Plaintiffs are concerned that they will not have a fair opportunity to identify lines of inquiry or witnesses prior to this Court's discovery deadlines — particularly since additional motion to compel may prove necessary. Finally, Defendants' inaction may prevent Plaintiffs from serving a complete summary judgment motion by this Court's deadline to do so.

At the scheduling conference last October, this Court was unequivocal in setting an October 2014 trial date. Plaintiffs have honored that deadline throughout this litigation and

---

[7] *See* Interrogatories No. 6, 9; Requests No. 16, 21, 22, 34, 36, 42, 43.
[8] *See* Requests No. 21, 22, 34, 36-41.
[9] See Requests No. 21, 22, 28, 29.
[10] *See* Interrogatories No. 15-19; Requests No. 21, 35, 48.
[11] Carew's motion was rescheduled at Defendants' behest. Ex. "F." It had previously been scheduled for April 1, 2014. *See* Ex. "C," Correspondence of Counsel and Deposition Notice (dated February 24, 2014).

3

sought discovery accordingly. Thus, Plaintiffs respectfully urge this Court to act swiftly on this motion to compel.

> **II. After hearing, this Court should order Defendants to pay reasonable attorneys' fees arising from this motion to compel in order to deter future disregard of Court rules and to compensate the Plaintiffs for the necessity of filing yet another a motion to compel the most basic discovery.**

This Court's orders and deadlines should not be disregarded at whim, or as suits a party's efforts to stall litigation. Four motions to compel should never be necessary. This Court should recognize the Defendants' continued inaction is the obstructionist tactic that it is. This Court must impose appropriate sanctions to ensure that further motions and delays are not necessary.

Here, where Defendants have habitually refused to serve the most basic discovery, their inaction cannot be substantially justified. *See* Fed. R. Civ. P. 37(4)(A). Under these facts, the award of expenses is not unjust. *See id.* Therefore, this Court must award reasonable attorneys' fees arising from this motion. *Id.*

**REQUEST FOR ORAL ARGUMENT**

The Rules of Civil Procedure exist to keep cases moving and to ensure that litigants have a fair opportunity to prove their case. The Defendants' repeated disregard for Court deadlines and orders is alarming. Regardless of the rules, it seems nothing short of motion after motion can keep this case moving. For this reason — and even if Defendants' attempt to cure their repeated disregard of Court rules by filing belated responses — the Plaintiffs respectfully request that this Court hold a hearing on the issue of sanctions.

WHEREFORE Plaintiffs move this Honorable Court:

(1) To order Defendants to answer Plaintiffs' interrogatories, in full and in good faith, within seven (7) days;

(2) To order Defendants to respond to Plaintiffs' requests for production of document, in full and in good faith, within seven (7) days, and

(3) After hearing, to order Defendants to pay reasonable attorneys' fees arising from this motion.

RESPECTFULLY SUBMITTED,
EDWIN HERNANDEZ, ARLES GRANADOS
LAZO, JOSE ORTEZ, YERLIN ORTEZ,
MARTIR SORTO AND SANTOS VELASQUEZ,
By Their Attorney,


/s/ Michaela C. May
Michaela C. May, Esq. (BBO #676834)
P.O. Box 441944
Somerville, MA 02144-1944
P: (617) 863-6529
F: (617) 977-8774
E: attorneymay@gmail.com

Mernaysa Rivera-Bujosa. (BBO #665965)
Rivera-Bujosa Law, P.C.
C-2 Shipway Place
Charlestown, MA 02129
P: (617) 398-6728
F: (617) 389-6730
E: mernaysa@riverabujosalaw.com

Date: April 16, 2014


**CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)(1) AND L.R. 7.1(a)(2)**

I, Michaela C. May, hereby certify I conferred in good faith with counsel for Defendants prior to the filing of this motion and was unable to narrow the issues raised herein.

/s/ Michaela C. May
Michaela C. May

**CERTIFICATE OF SERVICE**

I, Michaela C. May, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Michaela C. May
Michaela C. May, Esq.